UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK L. McSMITH                          CIVIL ACTION

VERSUS                                               NO. 07-656

ALMA L. CHASEZ                                       SECTION "F" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Leroy a/k/a Derek L. McSmith, filed this complaint pro se and in forma pauperis against United States Magistrate Judge Alma L. Chasez of this court. He seeks to enjoin Magistrate Judge Chasez "from rendering any decision relating to any civil action that plaintiff has pending in this court due to the court's violation of the Omnibus Clause of 18 U.S.C.A. 1503." Complaint, Record Doc. No. 1, at p.1. Specifically, McSmith complains of Magistrate Judge Chasez's actions in Civil Action No. 06-11379"C"(5), Leroy a/k/a Derek Leroy McSmith v. United States Marshal's Service et al., in which she ordered that no summonses be issued or served in that action, pending the court's review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). C.A. No. 06-11379"C"(5), Record Doc. No. 5. Magistrate Judge Chasez also denied plaintiff's motions to have the summonses re-issued and served. C.A. No. 06-11379"C"(5), Record Doc. Nos. 17, 19.

Because plaintiff is proceeding in forma pauperis in this action, his complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e)(2)(B).

## ANALYSIS

## I.    LEGAL STANDARDS

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff,

2

dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. An in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e), either as legally frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of the factual basis of his claims. Plaintiff's complaint fails to state a federal claim under the broadest reading.[1]

## II.    JUDICIAL IMMUNITY

The statute cited by plaintiff, 18 U.S.C. § 1503, is a criminal statute that does not provide a private cause of action. The presumed basis for plaintiff's claims is 42 U.S.C. § 1983.

Plaintiff's claims against Magistrate Judge Chasez are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

3

from suit for damages resulting from any acts performed in [his or her] judicial role."

Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord

Mays, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of

acting maliciously or corruptly.  Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S.

547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S.

800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays,

97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages

unless they are without jurisdiction.  Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th

Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

   In the past, however, judicial officers did not enjoy absolute immunity from suits

seeking injunctive relief.  Relief of that nature was available under 42 U.S.C. § 1983

against state court judges acting in their judicial capacity.  Pulliam v. Allen, 466 U.S.

522, 541-42 (1984).  However, the Federal Courts Improvement Act of 1996 ("FCIA")

amended Section 1983 to provide that "in any action brought against a judicial officer for

an act or omission taken in such officer's judicial capacity, injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief is unavailable."

42 U.S.C. § 1983.

   The FCIA therefore statutorily overruled Pulliam's holding regarding the

availability of injunctive relief against a state judge in his official capacity.  Guerin v.

4

Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief is not available to McSmith in this Section 1983 action against Magistrate Judge Chasez. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp.2d at 210.

McSmith seeks injunctive relief against Magistrate Judge Chasez to direct service of his complaint and summonses on the defendants in C.A. No. 06-11379. McSmith's claims against Magistrate Judge Chasez are within the scope of the judge's role as a judicial officer and therefore within her jurisdiction. Magistrate Judge Chasez, like all judges of this court, is required by law to review in forma pauperis complaints, as she did in C.A. No. 06-11379, and to make judgments concerning their viability. Consequently, the doctrine of absolute judicial immunity bars McSmith's suit for injunctive or any other relief against Magistrate Judge Chasez. For these reasons, McSmith's claims against Magistrate Judge Chasez must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted.

III.    SANCTIONS

McSmith filed the instant lawsuit on February 9, 2007.  He is a frequent pro se litigant with a demonstrated record of frivolous filings in this court.[2]

As Magistrate Judge Chasez noted in her report and recommendation in McSmith v. Conduit, C.A. No. 06-9968"L"(5), entered on January 18, 2007: "Since June 30, 2006, plaintiff has filed no less than eighteen lawsuits in this Court in forma pauperis, five of which, including the instant matter, are against federal or state judges for alleged improprieties in the handling of the cases that are pending before them."  C.A. No. 06-9968"L"(5), Record Doc. No. 7, at pp. 3-4 (citing McSmith v. Landrieu, C.A. No. 06-10832"I"(4); McSmith v. Griffin, C.A. No. 06-9828"I"(1); McSmith v. Vance, C.A. No. 06-5365"K"(3); McSmith v. Engelhardt, C.A. No. 06-5363"C"(4)).  Magistrate Judge Chasez noted that the magistrate judge in C.A. No. 06-5363"C"(4) had recommended dismissal of the suit on the basis of judicial immunity on November 28, 2006, thus giving plaintiff notice that lawsuits against judges concerning actions within their jurisdiction are legally frivolous.

---

[2]Research by staff of the undersigned Magistrate Judge reveals that McSmith has also filed ten in forma pauperis lawsuits in the Middle District of Louisiana in 2006 and 2007.  Four of those cases have been dismissed for plaintiff's failure to correct deficiencies in his pleadings, one has been voluntarily dismissed and one has a pending report and recommendation recommending dismissal as frivolous.

Magistrate Judge Chasez also recommended dismissal of the lawsuit before her on the basis of judicial immunity. Id. at p.4. She specifically cautioned McSmith that he might be subject to sanctions if he continued to pursue frivolous litigation in this court. Id. at pp. 4-5. She issued a supplemental report and recommendation on January 25, 2007, after plaintiff amended his complaint to add five new defendants, including one magistrate judge and two district judges in this district before whom he had pending cases. Magistrate Judge Chasez recommended dismissal of the new claims against all defendants as frivolous, including dismissal of the claims against each of the judges based on judicial immunity. C.A. No. 06-9968"L"(5), Record Doc. No. 16.

The presiding district judge in C.A. No. 06-5363"C"(3) adopted the report and recommendation in that case and dismissed plaintiff's lawsuit on November 28, 2006. On February 1, 2007, the magistrate judge in C.A. No. 06-5365"K"(3) recommended dismissal of all claims in that case with prejudice as frivolous on the basis of judicial immunity. C.A. No. 06-5365"K"(3), Record Doc. No. 8.

McSmith therefore had ample warning before he filed the instant complaint against Magistrate Judge Chasez that lawsuits against judges are barred by absolute judicial immunity and are legally frivolous, and that he would be subject to sanctions if he continued to file frivolous lawsuits.

McSmith has filed 20 in forma pauperis lawsuits in this district since June 2006. In addition to the rulings mentioned above, the following rulings have been entered in cases in this court.

1.  Leroy a/k/a Derek L. McSmith v. Stor-All New Orleans, C.A. 06-4501"N"(2), was dismissed for lack of subject matter jurisdiction on August 28, 2006.

2.  Leroy a/k/a Derek L. McSmith v. United States et al., C.A. 06-5618"D"(2), was voluntarily dismissed with prejudice on October 13, 2006.

3.  Leroy a/k/a Derek McSmith v. United States et al., C.A. 06-8673"I"(5), was dismissed with prejudice as frivolous on November 20, 2006.

4.  Leroy a/k/a Derek McSmith v. State of Louisiana et al., C.A. 06-8673"I"(5). Defendants' unopposed motion to dismiss was granted and judgment dismissing the case was entered on November 20, 2006.

5.  Leroy McSmith v. Piper Griffin et al, C.A. 06-9828"I"(1). Defendant Griffin's unopposed motion to dismiss, based on lack of subject matter jurisdiction and judicial immunity, was granted with prejudice on February 12, 2007. The only other defendant, the City of New Orleans, has not been served.

6.  LeRoy v. Chelsey Napoleon et al, C.A. 06-10517"F"(1). In this action filed against the Clerk of Civil District Court for the Parish of Orleans and one of her employees, the presiding district judge on November 22, 2006 denied, for lack of

8

jurisdiction, plaintiff's motion to order defendants to allow him to make free copies.

7.    Leroy a/k/a Derek McSmith v. Wayne Parker, C.A. 07-54"K"(3).  The Magistrate Judge recommended dismissal with prejudice as frivolous on January 31, 2007.

Plaintiff's pattern of frivolous in forma pauperis litigation in this court has wasted the time and money of the taxpayers by unnecessarily using considerable judicial and clerk's office resources, which could have been better used to assist genuine litigants. "Prisoners and others have honest claims upon our limited capacities of time and judgment. The attention which [McSmith's] spurious ones have demanded insures that other claims of arguable merit must tarry." Green v. Carlson, 649 F.2d 285, 286 (5th Cir. 1981).  "No one, rich or poor, is entitled to abuse the judicial process" as McSmith has done in this court.  Id. at 287.

When a litigant's abuse of process overburdens the court, the Fifth Circuit has approved the use of strong sanctions.  These have included a refusal to allow the person to file any more complaints or motions in the district court without first obtaining leave of court to do so, Tribbit v. Ward, 81 F.3d 156, 1996 WL 101558, at *1 (5th Cir. 1996); barring the litigant from filing any future in forma pauperis appeals, Lay v. Anderson, 837 F.2d 231, 232 (5th Cir. 1988); or forbidding him from filing any pleadings at all. Green, 649 F.2d at 286.  The judges of this court have entered similar orders in egregious

cases.  <u>See, e.g.,</u> <u>Boutte v. Clinton</u>, No. 01-0661, 2005 WL 1038167, at *1-2 (E.D. La. Apr. 29, 2005) (Vance, J.) (enjoining plaintiff from filing any further pleadings in the same action without first obtaining leave to do so); <u>Danny O'Dell v. United States Federal Gov't et al.</u>, C.A. No. 06-9156"I"(2) (E.D. La. Jan. 8, 2007) (Africk, J.) (not reported) (same, and stating that the court will impose monetary sanctions if plaintiff files any future frivolous or abusive actions); <u>Voyd B. Burger v. United States</u>, C.A. No. 01-2357"T"(3) (E.D. La. Nov. 20, 2001) (Porteous, J.) (not reported) (ordering Clerk of Court not to accept any new civil action complaints from plaintiff without prior approval by the district judge); <u>David Hanberg v. William Guste et al.</u>, No. 88-4275"L"(2) (E.D. La. Aug. 17, 1988) (Wicker, J.) (not reported) (ordering Clerk of Court not to accept any new complaints from plaintiff without prepayment of the filing fee or an order of a judge allowing an in forma pauperis filing; and ordering plaintiff to verify all future pleadings before submission to the court and to include with all future complaints a list of all cases previously filed).

McSmith should be similarly sanctioned by ordering that he not be permitted to file any pleadings in this action unless the pleading is accompanied by an order of this court granting him leave to file and that he be barred from filing any initial pleadings to commence a civil action in the future without first obtaining written permission to do so from a district judge of this court.

10

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered not to accept any further filings from Leroy a/k/a Derek L. McSmith in the instant action unless the pleading is accompanied by an order of this court granting him leave to file.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered not to accept any future initial civil pleadings of any kind from Leroy a/k/a Derek L. McSmith unless the pleading is accompanied by advance written permission of a district judge of this court granting him leave to file the pleading.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

11

notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __22nd__ day of February, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

12